FAEGRE DRINKER BIDDLE & REATH LLP
Kathryn E. Bettini (No. 032568)
1500 K Street NW, Suite 1100
Washington, D.C. 20005
Telephone: (202) 842-8800
E-mail: kathryn.bettini@faegredrinker.com

FAEGRE DRINKER BIDDLE & REATH LLP
Patrick H. Reilly (*Pro Hac Vice* Forthcoming)
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-1087
E-mail: patrick.reilly@faegredrinker.com

FAEGRE DRINKER BIDDLE & REATH LLP
Tess M. Godhardt (*Pro Hac Vice* Forthcoming)
320 South Canal Street, Suite 3300
Chicago, Illinois 60606
Telephone: (312) 356-5048
E-mail: tess.godhardt@faegredrinker.com

Attorneys for Defendant Inspire Medical Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Edward T. Mott and Kacey Mott,<br><br>  Plaintiffs,<br><br>vs.<br><br>Inspire Medical Systems, Inc., a Minnesota Corporation; John and Jane Does I-X; ABC Corporations I-X, Black and White Partnerships I-X, and/or Sole Proprietorship I-X,<br><br>  Defendants. | No. _____<br><br>**DEFENDANT INSPIRE MEDICAL SYSTEMS, INC.'S NOTICE OF REMOVAL**<br><br>(Maricopa County Superior Court Case No. CV2022-051747) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and L.R. Civ. 3.6, Defendant Inspire Medical Systems, Inc. ("Inspire") hereby removes this case, originally filed as CV2022-051747 in the Superior Court of the State of Arizona, County of Maricopa, to the United States District Court for the District of Arizona, Phoenix Division and in support thereof states as follows:

1. On June 1, 2022, Plaintiffs, Edward T. Mott and Kacey Mott, filed their Complaint in the Superior Court of the State of Arizona, County of Maricopa as case number CV2022-051747. A true and accurate copy of the Complaint is attached hereto as Exhibit A (the "Complaint").

2. The Complaint alleges personal injury to Mr. Mott after he was implanted with the Inspire Generator Model 3028 ("Inspire Generator"), a medical device manufactured by Inspire and used to treat a subset of patients with moderate to severe Obstructive Sleep Apnea ("OSA"). [Compl. at ¶¶ 9, 14.] The Plaintiffs seek an award of compensatory and punitive damages in addition to costs and attorney's fees. The Complaint asserts the following claims:

   a. Count I: Strict Liability,
   b. Count II: Negligence,
   c. Count III: Negligent Infliction of Emotional Distress, and
   d. Count IV: Loss of Consortium.

3. Removal is timely because, pursuant to 28 U.S.C. § 1446(b), fewer than thirty (30) days have passed since Inspire first received a proper request for waiver with a copy of the Complaint, which was sent to Bryan Phillips via email on August 19, 2022. A true and accurate copy of the email requesting waiver and attaching a copy of the Complaint is attached hereto as Exhibit B.

4. No current motions and no further proceedings are pending in the State Action.

5. This action has not been previously removed to federal court.

6. Upon information and belief and in accordance with 28 U.S.C. § 1446(a), the foregoing documents and exhibits, attached here to as Exhibit C, constitute all of the process, pleadings, and orders served upon Inspire in the State Action.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, it may be removed to this Court under 28 U.S.C. §§ 1441 and 1446. Removal under section 1441 is appropriate when complete diversity of citizenship exists between the plaintiff and all properly joined defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. The properly joined parties are citizens of different states, and this Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332(a). The action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## I.   REMOVAL IS PROPER.

### A.   Complete Diversity Of Citizenship Exists Between Plaintiffs And Inspire.

10. For purposes of diversity citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where its principal place of business resides. 28. U.S.C. § 1332 (c)(1).

11. Plaintiffs are and were, at all relevant times, residents of Maricopa County, Arizona, according to the Complaint. [Ex. A, ¶ 1.] Accordingly, and upon information and belief, Plaintiffs are citizens of Arizona.

12. Defendant Inspire is a Delaware corporation headquartered in Golden Valley, Minnesota. Defendant is therefore a citizen of Delaware and Minnesota for purposes of determining diversity jurisdiction.

13. The remaining Defendants are fictitious parties. [*Id.*, ¶¶ 3-4.] Pursuant to 28 U.S.C. § 1441 (b)(1), in determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. *Satchell v. Lyft, Inc.*, No. 220CV01201KJDVCF, 2021 WL 641623, at *2 (D. Nev. Jan. 25, 2021) (denying motion to remand and noting "Congress's intent is clear from the plain language of the statute. The citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.")

14. Accordingly, complete diversity exists among the parties at the time Plaintiffs filed their suit in state court and complete diversity exists among the parties at the time this Notice of Removal is filed. Removal is proper under 28 U.S.C. § 1332(a)(1).

### B.   The Amount In Controversy Exceeds $75,000.

15. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), Inspire asserts that the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs. This assertion is

3

well-founded and made in good faith in light of the allegations in Plaintiffs' Complaint.

16. Plaintiffs' Complaint seeks damages for personal injury. [*See* Compl. at ¶¶ 14, 16, 29-30, 41, 42, 48-49, 51, 52.] Plaintiffs' Complaint also seeks punitive damages. [*Id.* at ¶¶ 33, 43.]

17. Where (as here) the Complaint does not specify a particular amount in controversy, a removing defendant's good-faith amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Haire v. Liberty Ins. Corp.*, No. CV-20-00686-PHX-DWL, 2020 WL 5088071, at *2 (D. Ariz. Aug. 28, 2020) (*quoting Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014)).

18. Additionally, settlement offers are "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart*, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (finding a settlement letter was sufficient to establish the amount in controversy).

19. Here, Plaintiffs sent Inspire a settlement demand letter on June 27, 2022, which demanded $250,000, in exchange for a full and final release of all claims arising out of the Plaintiffs' injuries. In the letter, Plaintiffs detailed the damages Mr. Mott allegedly sustained as a result of the incident described in the Complaint. The letter detailed ongoing permanent damage and ongoing medical treatment. A true and accurate copy of the June 27, 2022, demand letter is attached hereto as Exhibit D.

20. The demand letter additionally stated, "this demand is <u>extremely reasonable</u>," and "represents a steep discount over the actual value of [Mr. Mott's] case." [Ex. D at 6.]

21. Further, Plaintiffs' Complaint alleges:

- The Inspire Generator "implanted into Plaintiff caused him to develop severe physical complications and injuries, including chronic and debilitating pain." [Ex. A at ¶ 14.]

- Mr. Mott "sustained personal injuries and incurred medical expenses, lost wages, lost earning capacity, and other special damages" and will continue in the future to incur such damages. [*Id.* at ¶¶ 29-30.]

- Mr. Mott was "seriously and permanently injured as a result" of the incidents alleged in the Complaint. [*Id.* at ¶ 51.]

4

- Mrs. Mott suffered "severe emotional distress resulting in physical injury and/or illness to her," and "has been and will continue to be deprived of her husband's love, affection, support, companionship, counsel, advice, and solace," due to the incidents alleged in the Complaint. [*Id.* at ¶¶ 48, 52.]

22. In addition to compensatory damages, Plaintiffs also allege they are entitled to an award of punitive damages. [*Id.* at ¶¶ 33, 43.]

23. Plaintiffs further certify the case "warrants case management and pretrial discovery under Tier 3." [*Id.* at 8 ("Tier Designation.").] Under Ariz. Rs. Civ. P. 26.2(b)(3) and 26.2(c)(3), Tier 3 cases are "logistically or legally complex," and actions claiming $300,000 or more in damages are assigned to Tier 3.

24. Plaintiffs' demand letter and allegations demonstrate that the amount in controversy is greater than $75,000, exclusive of interest and court costs. *Cohn*, 281 F.3d at 840 (finding a settlement letter was sufficient to establish the amount in controversy); *dela Fuente v. Humana Ins. Co.*, No. CV-11-0700-PHX-JAT, 2011 WL 4072021, at *3 (D. Ariz. Sept. 13, 2011) (same); *Hammarlund v. C.R. Bard, Inc.*, No. 215CV05506SVWJEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) (finding the amount in controversy had been met and noting "in cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied."); *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (finding the asserted damages made it "facially apparent that the amount in controversy exceed[ed] $75,000" where the complaint described plaintiff's injuries as severe)

25. Accordingly, diversity jurisdiction exists because the jurisdictional amount requirement has been met. *See* 28 U.S.C. § 1332(a).

## II. VENUE IS PROPER.

26. Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(a), because the State Action was originally filed in Maricopa County, Arizona, which is within this Court's district.

## III. CONSENT AND NOTICE.

27. Pursuant to 28 U.S.C. § 1446(d) and L.R. Civ. 3.6, undersigned counsel affirmatively states that written notice has been served on Plaintiffs, through Plaintiffs' counsel,

and a copy of this Notice of Removal has been filed with the Superior Court for Maricopa County, Arizona.

28. Pursuant to L.R. Civ. 3.6, the required Civil Cover Sheet and Supplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction are attached hereto as Exhibit E.

**RELIEF REQUESTED**

29. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441 and 1446. Defendant therefore respectfully gives notice and hereby removes the above-entitled action from Maricopa County Superior court to the United States District Court for the District of Arizona, Phoenix Division.

DATED this 12th day of September, 2022.

FAEGRE DRINKER BIDDLE & REATH LLP

By: s/ Kathryn E. Bettini
Kathryn E. Bettini
1500 K Street NW, Suite 1100
Washington, D.C. 20005

Patrick H. Reilly
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204

Tess M. Godhardt
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, Illinois 60606

Attorneys for Defendant Inspire Medical Systems, Inc.

1  Filed electronically with the Court this
2  12th day of September, 2022.

3  COPY of the foregoing sent by e-mail
   transmission and First Class Mail this
4  12th day of September, 2022, to:

5  Teague Lashnits
   Suzette Doody
6  ATTICUS LAW, PLLC
   7904 East Chaparral Road, No. A110-418
7  Scottsdale, Arizona 85250

8  Attorneys for Plaintiffs

9   s/ Mary Ann Villa

10

11

12  351963629

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Faegre Drinker Biddle & Reath LLP
1500 K Street NW, Suite 1100
Washington, D.C. 20005
(202) 842-8800