## <u>Mott v. Inspire Medical Systems, Inc.</u>

### Exhibit Index to Notice of Removal

| <u>Exhibit No.</u> | <u>Description</u> |
|---|---|
| A | Complaint* |
| B | Waiver of Service* and Corresponding Emails |
| C | Docket re:  Arizona State Court Case No. CV2022-051747 and Corresponding Filings |
| D | Demand Letter dated June 27, 2022 |
| E | Civil Cover Sheet and Supplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction |

*  Filed in Case No. CV2022-051747, Maricopa County Superior Court, Arizona.

# EXHIBIT A

Clerk of the Superior Court
*** Electronically Filed ***
D. Bicoy, Deputy
6/1/2022 4:47:15 PM
Filing ID 14380711

**ATTICUS LAW, PLLC**
7904 E. Chaparral Rd. #A110-418
Scottsdale, AZ 85250
PH: (480) 550-1976
FAX: (480) 546-4326
Teague Lashnits, #023707
Teague@atticuslawpllc.com
Suzette Doody, #021752
Suzette@atticuslawpllc.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| EDWARD T. MOTT and KACEY MOTT, a married couple, | ) CAUSE NO.: **CV2022-051747** |
| Plaintiffs, | ) **COMPLAINT** |
| vs. | ) |
| INSPIRE MEDICAL SYSTEMS, INC., a Minnesota Corporation; JOHN AND JANE DOES I-X; ABC CORPORATIONS I-X, BLACK and WHITE PARTNERSHIPS I-X. and/or SOLE PROPRIETORSHIP I-X, | ) *(Tort – Non-Motor Vehicle)* |
| Defendants. | ) Tier 3 Case |

Plaintiffs, through undersigned counsel, and for their claim against Defendants allege as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiffs Edward T. Mott ("Edward and/or Plaintiff") and Kacey Mott (collectively, "Plaintiffs") are husband and wife, and at all times material hereto, were residents of Maricopa County, Arizona.

2.      Defendant Inspire Medical Systems, Inc. (Inspire), is a Minnesota corporation authorized to do and doing business in the State of Arizona.

1

3.     Defendants ABC Corporation I-X, Black and White Partnerships I-X, Sole Proprietorship I-X, and Jane and John Does I-X (hereinafter, Fictitious Defendants) are those entities and persons whose relationship to the named Defendant and/or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiffs, but whose true identities are at present unknown to Plaintiffs.  Those persons and entities are hereby notified of Plaintiffs intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

4.     Upon belief, all Fictitious Defendants were residents of the State of Arizona, and/or were organized and existing under the laws of Arizona and doing business in the State of Arizona; and/or were foreign corporations, businesses, etc. qualified to do business with the State of Arizona, and actually doing business at all relevant times alleged herein.

5.     Defendants committed acts and/or omissions or caused events to occur in the State of Arizona as delineated below, which caused Plaintiffs' damages.

6.     The minimum jurisdictional amount established for filing this action has been satisfied.

7.     Venue is proper in Maricopa County, Arizona.

## FACTUAL ALLEGATIONS

8.     Inspire is a medical technology company that designs, manufactures, sells, and distributes medical devices including Implantable Pulse Generator(s) (IPG) for patients with obstructive sleep apnea (OSA).

9.     Upon information and belief, at all times pertinent Inspire was the designer, manufacturer and seller of Inspire Generator Model 3028 (the Subject Device), an IPG used

in this instance for treatment of Plaintiff's OSA.

10.     The Subject Device consists of three implanted components: a programmable neuro-stimulator/generator located in the chest pocket, a respiratory sensing lead, and a stimulator lead.

11.     The generator and leads are surgically placed in a patient's body.

12.     Implantation of the device is performed under general anesthesia using three small incisions under the chin, below the collar bone and along the side of the chest below the ribs.

13.     By way of history, on or about December 26, 2019, Plaintiff underwent a surgical procedure at North Valley Surgical Center in Scottsdale, Arizona to implant the Subject Device.

14.     The Subject Device implanted into Plaintiff caused him to develop severe physical complications and injuries, including chronic and debilitating pain.

15.     On June 30, 2020, Plaintiff returned to North Valley Surgical Center to have the revision replacement of the respiratory sensor of the Subject Device.

16.     Revision replacement of the Subject Device failed to remedy Plaintiff's ongoing and chronic pain.

17.     Upon information and belief, at the time it left Inspire's control, the Subject Device was defective in its design and for the purpose represented to be safe and effective, and was unreasonably dangerous to the public in that it was likely to cause significant injury to patients when used in a foreseeable manner.

18.     At all times pertinent, Inspire had a duty to design, manufacture, advertise,

market, and promote the Subject Device in a reasonable manner, and to provide information about its risks adequate to the understanding of foreseeable users for its intended purposes.

19.    Inspire failed to design, manufacture, advertise, market and promote the Subject Device in a reasonable matter, and failed to provide information to the public about its risks. Such failure included Inspire making false statements regarding the safety of the Subject Device and promoting it for uses other than those intended and safe.

20.    The Subject Device was defective and/or failed to perform safe and effectively for the purpose for which it was designed.

21.    Inspire failed to warn or protect against the dangerous defects in the Subject Device.

## COUNT I – STRICT LIABILITY (All Defendants)

22.    Plaintiffs reallege all prior paragraphs in this Complaint as if fully set forth herein.

23.    At all relevant times, Inspire was in the business of designing, manufacturing, and/or selling IPG's, including the Subject Device.

24.    Inspire designed, manufactured, sold, or other placed into the stream of commerce the Subject Device.

25.    Inspire sold the Subject Device in a condition that was defective, unfit, and unreasonably dangerous for its intended use and foreseeable use at the time it left the sellers. The Subject Device was defective in its design and manufacture as well as defective due to inadequate warnings or instructions concerning its use and/or .

26.    The Subject Device was being used for its intended purpose in a manner

4

foreseeable to Inspire.

27.     Plaintiffs were relying on the skill and judgment of Inspire to ensure that the subject device would be suitable for the purposes for which Plaintiff or the public would be using it.

28.     At the time the Subject Device was designed, manufactured, sold, and/or placed into the stream of commerce, it was economically, technologically, and practically feasible for Inspire to provide proper warnings of the Subject Device's significant risk to patients.

29.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Device, Plaintiffs sustained personal injuries and incurred medical expenses, lost wages, lost earning capacity, and other special damages.

30.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject device, Plaintiffs will continue in the future to incur medical expenses, lost wages, lost earning capacity, and other special damages.

31.     Inspire is strictly liable to Plaintiffs in tort.

32.     Plaintiffs are informed and believe that Inspire knew or should have known about the defects alleged in this Complaint and that serious injuries could occur.  Nonetheless, the defects were not corrected by Inspire, nor did inspire warn the public about these defects and the risk that they posed. Instead, it deliberately and intentionally concealed such information from the public. Such acts and/ or omissions constitute willful, wanted, reckless, and malicious behavior and/ or a conscious disregard of the substantial risk that such conduct might cause serious injury.

33.     Accordingly, Plaintiffs are entitled to punitive damages against Inspire.

## COUNT II – NEGLIGENCE

34.     Plaintiffs reallege all prior paragraphs in this Complaint as if fully set forth herein.

35.     Inspire was negligent in its design, manufacture, inspection, distribution, and sale of the Subject Device and its failure to warn and instruct with respect to the proper use of the Subject Device.

36.     Inspire had a duty to Plaintiffs to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, and marketing of the Subject Device and to provide adequate warnings to the public concerning the proper use of it.

37.     Inspire breached these duties to Plaintiffs by designing, manufacturing, advertising, and selling the Subject Device despite it having an unreasonably dangerous propensity to cause significant injury to patients when used in a foreseeable manner.

38.     Inspire further breached a duty to Plaintiffs by failing to provide adequate warnings concerning the Subject Device and its unreasonably dangerous propensities.

39.     Inspire further breached its duty to Plaintiffs by failing to promptly recall the Subject Device or take other appropriate remedial action.

40.     Inspire knew or should have known that the Subject Device was unreasonably dangerous and was not as warranted and represented by Inspire.

41.     As a direct and proximate result of Inspire's negligence, the Subject Device failed and caused severe physical complications and injuries, resulting in Plaintiffs' injuries and damages set forth above.

42.     Plaintiffs are informed and believes that Inspire knew or should have known

about the negligence alleged in this Complaint and that serious physical injuries such as those suffered by Plaintiffs, could occur as a result. Nonetheless, Inspire did not take measures to remedy its negligence, nor did it warn the public or consumers like Plaintiffs about its negligence and the risk that it posed. Instead, Inspire deliberately and intentionally concealed such information from the public. Such acts and/ or a missions constitute willful, wanton, reckless, and malicious behavior and/ or a conscious disregard of the substantial risk that such conduct might cause injury.

43.     Accordingly, Plaintiffs are entitled to punitive damages against Inspire

44.     ave suffered these damages but for Defendant's extreme and outrageous acts/omissions.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45.     Plaintiffs reallege all prior paragraphs in this Complaint as if fully set forth herein.

46.     At the time of the injuries giving rise to this Complaint and at all other relevant times, Kacey Mott was Edward's wife.

47.     As described above, Inspire's negligence created an unreasonable risk of harm to each of the Plaintiffs, and, in fact, did cause harm to the Plaintiffs.

48.     Plaintiff Kacey Mott's direct observation of this incident and the resulting injuries to her husband, Edward, caused her to suffer severe emotional distress that resulting in physical injury and/or illness to her.

49.     As a direct and proximate result of Inspire's actions and omissions, as set forth herein, Plaintiffs suffered and continue to suffer severe emotional distress.

## COUNT IV – LOSS OF CONSORTIUM

50.     Plaintiffs hereby incorporate by reference all prior paragraphs in this Complaint as though fully set forth herein.

51.     Plaintiff Edward T. Mott was seriously and permanently injured as a result of defects and/or adequate warnings o cause significant injury to patients when used in a foreseeable manner.

52.     As a direct and proximate result of the deficiencies in the Subject Device and Inspire's negligent, careless and reckless acts and omissions, Plaintiff Kacey Mott has been and will continue to be deprived of her husband's love, affection, support, companionship, counsel, advice and solace.

## TIER DESIGNATION

Given the damages sought and complexity of the case, Plaintiffs certify that this case warrants case management and pretrial discovery under Tier 3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants, and each of them, as follows:

A.     For past and future special damages to compensate Plaintiffs for their personal injuries and damages described above, including, without limitation, the reasonable value of their past and any future medical expenses, and other past and future economic losses, past and future wage losses;

B.     For general damages for Plaintiff Edward Mott including pain, suffering, anguish and other harms;

8

C.      For general damages for Plaintiff Kacey Mott's loss of consortium;

D.      For punitive damages against Inspire to punish and deter inspire, and others similarly situated, from engaging in like conduct in the future;

E.      For Plaintiffs' costs and expenses of suit;

F.      For pre-judgment and post-judgment interest as allowed by law; and

G.      For such other and further relief as the Court deems just and proper.

**DATED** this 1st day of June, 2022.

**ATTICUS LAW, PLLC**

By: */s/ Teague Lashnits*
    Teague R. Lashnits
    Suzette Doody
    ***Attorneys for Plaintiff***

**ORIGINAL** of the foregoing efiled with TurboCourt
this 1st day of June 2022, with:

Clerk of the Court
**Maricopa County Superior Court**


By: */s/ Claudia Marco*

# EXHIBIT B

**ATTICUS LAW, PLLC**
7904 E. Chaparral Rd. #A110-418
Scottsdale, AZ 85250
PH: (480) 550-1976
FAX: (480) 546-4326
Teague Lashnits, #023707
Teague@atticuslawpllc.com
Suzette Doody, #021752
Suzette@atticuslawpllc.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| EDWARD T. MOTT and KACEY MOTT, a married couple, | **CAUSE NO.: CV2022-051747** |
| Plaintiffs, | **WAIVER OF SERVICE** |
| vs. | |
| INSPIRE MEDICAL SYSTEMS, INC., a Minnesota Corporation; JOHN AND JANE DOES I-X; ABC CORPORATIONS I-X, BLACK and WHITE PARTNERSHIPS I-X. and/or SOLE PROPRIETORSHIP I-X, | *(Tort – Non-Motor Vehicle)* |
| | Tier 3 Case |
| Defendants. | |

**TO:   TEAGUE LASHNITS, ATTORNEY FOR PLAINTIFFS**

I acknowledge receipt of your request that I waive service of a summons in the action of *Mott, et al. v. Inspire Medical Systems, Inc.*, which is case number CV2022-051747 in the Superior Court of the State of Arizona in and for the County of Maricopa. I also have received a copy of the complaint in the instant action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with

1

1  judicial process in the manner provided by the Arizona Rules of Civil Procedure.

2        I (or the entity on whose behalf I am acting) will retain all defenses or objections to the

3  lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in

4  the summons or in the service of the summons.

5        I understand that a judgment may be entered against me (or the party on whose behalf

6  I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60)

7  days after the date the attached request was sent, or within ninety (90) days after that date if

8  the request was sent outside the United States.

9

10        DATED this __23__ day of __August__, 2022.

11

12

13          **Bryan K. Phillips**
        *Attorney for Defendant*
14          *Inspire Medical Systems, Inc.*

15

16

17

18

19

20

21

22

23

24

2

**From:** Suzette Doody <suzette@atticuslawpllc.com>
**Sent:** Friday, August 19, 2022 3:00 PM
**To:** Bryan Phillips <bryanphillips@inspiresleep.com>
**Cc:** Teague Lashnits <teague@atticuslawpllc.com>; claudia atticuslawpllc.com
<claudia@atticuslawpllc.com>; Erica Schmidt <ericaschmidt@inspiresleep.com>
**Subject:** RE: Edward T. Mott (your file no. 103-110420)

Mr. Phillips:

Attached is a Waiver of Service for your review.  I've also attached a copy of the Complaint, Summons, and Certificate of Arbitration.  Please immediately advise whether you will require mailing of the attached documents or whether you are amenable to receipt by e-mail.

Thank you,
Suzette Doody

**From:** Bryan Phillips <bryanphillips@inspiresleep.com>
**Sent:** Thursday, August 11, 2022 2:09 PM
**To:** Suzette Doody <suzette@atticuslawpllc.com>
**Cc:** Teague Lashnits <teague@atticuslawpllc.com>; claudia atticuslawpllc.com <claudia@atticuslawpllc.com>; Erica Schmidt <ericaschmidt@inspiresleep.com>
**Subject:** RE: Edward T. Mott (your file no. 103-110420)

Ms. Doody,

Thanks for your email, including the copy of the Complaint.  Please send me a waiver request that complies with ARCP 4.1(c)(1) and Inspire will consider your request upon receipt.

Kindly,

**Bryan K. Phillips**
Sr. VP, General Counsel and Secretary, and
Chief Compliance Officer
Inspire Medical Systems, Inc.
bryanphillips@inspiresleep.com
Office (763) 277-0244
**InspireSleep.com**

**From:** Suzette Doody <suzette@atticuslawpllc.com>
**Sent:** Wednesday, August 10, 2022 7:26 PM
**To:** Bryan Phillips <bryanphillips@inspiresleep.com>
**Cc:** Teague Lashnits <teague@atticuslawpllc.com>; claudia atticuslawpllc.com <claudia@atticuslawpllc.com>; Erica Schmidt <ericaschmidt@inspiresleep.com>
**Subject:** RE: Edward T. Mott (your file no. 103-110420)

**CAUTION:** This email is not from Inspire. Delete this email if it is unexpected or you do not recognize the sender's address.

Mr. Phillips:

Please advise as to the status of your review of the Mr. Mott's claim.  Also, attached is a copy of the Complaint previously filed in the matter.  Should we not be able to shortly resolve the claim, we will proceed with service of process.  To that end, please advise whether Inspire is willing to accept service of process pursuant to ARCP, Rule 4.1(c).  If we do not hear anything further, we will proceed with formal service on August 17, 2022.

Thank you,
Suzette Doody



7904 E. Chaparral Rd. Ste. A110-418
Scottsdale, AZ 85250
C: (602) 621-3062
F: (480) 546-4326
suzette@atticuslawpllc.com



**From:** Bryan Phillips <bryanphillips@inspiresleep.com>
**Date:** July 10, 2022 at 10:44:21 AM MDT
**To:** Teague Lashnits <teague@atticuslawpllc.com>
**Cc:** Erica Schmidt <ericaschmidt@inspiresleep.com>
**Subject: Edward T. Mott (your file no. 103-110420)**


Counsel,

I write to confirm receipt of your June 27, 2022, letter regarding the above-identified matter.  Until further notice, please direct all future correspondence regarding this matter to my attention.

We are in the process of reviewing and considering the issues raised in your letter.  Once we have completed our review, we will provide you with a substantive response.  If you have any questions in the meantime, please let me know.

Regards,

**Bryan K. Phillips**
Sr. VP, General Counsel and Secretary, and
Chief Compliance Officer
Inspire Medical Systems, Inc.
bryanphillips@inspiresleep.com
Office (763) 277-0244
**InspireSleep.com**

# EXHIBIT C



Select Language ⌄
Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | | |
|---|---|---|---|---|
| Case Number: | CV2022-051747 | Judge: | Bachus, Alison |
| File Date: | 6/1/2022 | Location: | Northeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Edward T Mott | Plaintiff | Male | Teague Lashnits |
| Kacey Mott | Plaintiff | Female | Teague Lashnits |
| Inspire Medical Systems Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 8/23/2022 | WSS - Waiver Of Service Of Summons | 8/27/2022 | |
| **NOTE:** Waiver of Service / INSPIRE MEDICAL SYSTEMS INC | | | |
| 8/10/2022 | 322 - ME: Notice Of Intent To Dismiss | 8/10/2022 | |
| 6/1/2022 | COM - Complaint | 6/2/2022 | |
| **NOTE:** Complaint | | | |
| 6/1/2022 | CSH - Coversheet | 6/2/2022 | |
| **NOTE:** Civil Cover Sheet | | | |
| 6/1/2022 | CCN - Cert Arbitration - Not Subject | 6/2/2022 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 6/1/2022 | SUM - Summons | 6/2/2022 | |
| **NOTE:** Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

Clerk of the Superior Court
*** Electronically Filed ***
D. Bicoy, Deputy
6/1/2022 4:47:15 PM
Filing ID 14380711

1

**ATTICUS LAW, PLLC**
7904 E. Chaparral Rd. #A110-418
Scottsdale, AZ 85250
PH: (480) 550-1976
FAX: (480) 546-4326
Teague Lashnits, #023707
Teague@atticuslawpllc.com
Suzette Doody, #021752
Suzette@atticuslawpllc.com
***Attorneys for Plaintiff***

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| EDWARD T. MOTT and KACEY MOTT, a married couple, | ) CAUSE NO.: **CV2022-051747** |
| | ) |
| Plaintiffs, | ) **COMPLAINT** |
| vs. | ) |
| | ) |
| INSPIRE MEDICAL SYSTEMS, INC., a Minnesota Corporation; JOHN AND JANE DOES I-X; ABC CORPORATIONS I-X, BLACK and WHITE PARTNERSHIPS I-X. and/or SOLE PROPRIETORSHIP I-X, | ) *(Tort – Non-Motor Vehicle)* |
| | ) |
| | ) Tier 3 Case |
| Defendants. | ) |

Plaintiffs, through undersigned counsel, and for their claim against Defendants allege as follows:

**<u>PARTIES, JURISDICTION AND VENUE</u>**

1.     Plaintiffs Edward T. Mott ("Edward and/or Plaintiff") and Kacey Mott (collectively, "Plaintiffs") are husband and wife, and at all times material hereto, were residents of Maricopa County, Arizona.

2.     Defendant Inspire Medical Systems, Inc. (Inspire), is a Minnesota corporation authorized to do and doing business in the State of Arizona.

1

3.      Defendants ABC Corporation I-X, Black and White Partnerships I-X, Sole Proprietorship I-X, and Jane and John Does I-X (hereinafter, Fictitious Defendants) are those entities and persons whose relationship to the named Defendant and/or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiffs, but whose true identities are at present unknown to Plaintiffs.  Those persons and entities are hereby notified of Plaintiffs intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

4.      Upon belief, all Fictitious Defendants were residents of the State of Arizona, and/or were organized and existing under the laws of Arizona and doing business in the State of Arizona; and/or were foreign corporations, businesses, etc. qualified to do business with the State of Arizona, and actually doing business at all relevant times alleged herein.

5.      Defendants committed acts and/or omissions or caused events to occur in the State of Arizona as delineated below, which caused Plaintiffs' damages.

6.      The minimum jurisdictional amount established for filing this action has been satisfied.

7.      Venue is proper in Maricopa County, Arizona.

## FACTUAL ALLEGATIONS

8.      Inspire is a medical technology company that designs, manufactures, sells, and distributes medical devices including Implantable Pulse Generator(s) (IPG) for patients with obstructive sleep apnea (OSA).

9.      Upon information and belief, at all times pertinent Inspire was the designer, manufacturer and seller of Inspire Generator Model 3028 (the Subject Device), an IPG used

in this instance for treatment of Plaintiff's OSA.

10.     The Subject Device consists of three implanted components: a programmable neuro-stimulator/generator located in the chest pocket, a respiratory sensing lead, and a stimulator lead.

11.     The generator and leads are surgically placed in a patient's body.

12.     Implantation of the device is performed under general anesthesia using three small incisions under the chin, below the collar bone and along the side of the chest below the ribs.

13.     By way of history, on or about December 26, 2019, Plaintiff underwent a surgical procedure at North Valley Surgical Center in Scottsdale, Arizona to implant the Subject Device.

14.     The Subject Device implanted into Plaintiff caused him to develop severe physical complications and injuries, including chronic and debilitating pain.

15.     On June 30, 2020, Plaintiff returned to North Valley Surgical Center to have the revision replacement of the respiratory sensor of the Subject Device.

16.     Revision replacement of the Subject Device failed to remedy Plaintiff's ongoing and chronic pain.

17.     Upon information and belief, at the time it left Inspire's control, the Subject Device was defective in its design and for the purpose represented to be safe and effective, and was unreasonably dangerous to the public in that it was likely to cause significant injury to patients when used in a foreseeable manner.

18.     At all times pertinent, Inspire had a duty to design, manufacture, advertise,

3

market, and promote the Subject Device in a reasonable manner, and to provide information about its risks adequate to the understanding of foreseeable users for its intended purposes.

19.     Inspire failed to design, manufacture, advertise, market and promote the Subject Device in a reasonable matter, and failed to provide information to the public about its risks. Such failure included Inspire making false statements regarding the safety of the Subject Device and promoting it for uses other than those intended and safe.

20.     The Subject Device was defective and/or failed to perform safe and effectively for the purpose for which it was designed.

21.     Inspire failed to warn or protect against the dangerous defects in the Subject Device.

**COUNT I – STRICT LIABILITY (All Defendants)**

22.     Plaintiffs reallege all prior paragraphs in this Complaint as if fully set forth herein.

23.     At all relevant times, Inspire was in the business of designing, manufacturing, and/or selling IPG's, including the Subject Device.

24.     Inspire designed, manufactured, sold, or other placed into the stream of commerce the Subject Device.

25.     Inspire sold the Subject Device in a condition that was defective, unfit, and unreasonably dangerous for its intended use and foreseeable use at the time it left the sellers. The Subject Device was defective in its design and manufacture as well as defective due to inadequate warnings or instructions concerning its use and/or .

26.     The Subject Device was being used for its intended purpose in a manner

4

foreseeable to Inspire.

27.     Plaintiffs were relying on the skill and judgment of Inspire to ensure that the subject device would be suitable for the purposes for which Plaintiff or the public would be using it.

28.     At the time the Subject Device was designed, manufactured, sold, and/or placed into the stream of commerce, it was economically, technologically, and practically feasible for Inspire to provide proper warnings of the Subject Device's significant risk to patients.

29.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Device, Plaintiffs sustained personal injuries and incurred medical expenses, lost wages, lost earning capacity, and other special damages.

30.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject device, Plaintiffs will continue in the future to incur medical expenses, lost wages, lost earning capacity, and other special damages.

31.     Inspire is strictly liable to Plaintiffs in tort.

32.     Plaintiffs are informed and believe that Inspire knew or should have known about the defects alleged in this Complaint and that serious injuries could occur.  Nonetheless, the defects were not corrected by Inspire, nor did inspire warn the public about these defects and the risk that they posed. Instead, it deliberately and intentionally concealed such information from the public. Such acts and/ or omissions constitute willful, wanted, reckless, and malicious behavior and/ or a conscious disregard of the substantial risk that such conduct might cause serious injury.

33.     Accordingly, Plaintiffs are entitled to punitive damages against Inspire.

## COUNT II – NEGLIGENCE

34.     Plaintiffs reallege all prior paragraphs in this Complaint as if fully set forth herein.

35.     Inspire was negligent in its design, manufacture, inspection, distribution, and sale of the Subject Device and its failure to warn and instruct with respect to the proper use of the Subject Device.

36.     Inspire had a duty to Plaintiffs to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, and marketing of the Subject Device and to provide adequate warnings to the public concerning the proper use of it.

37.     Inspire breached these duties to Plaintiffs by designing, manufacturing, advertising, and selling the Subject Device despite it having an unreasonably dangerous propensity to cause significant injury to patients when used in a foreseeable manner.

38.     Inspire further breached a duty to Plaintiffs by failing to provide adequate warnings concerning the Subject Device and its unreasonably dangerous propensities.

39.     Inspire further breached its duty to Plaintiffs by failing to promptly recall the Subject Device or take other appropriate remedial action.

40.     Inspire knew or should have known that the Subject Device was unreasonably dangerous and was not as warranted and represented by Inspire.

41.     As a direct and proximate result of Inspire's negligence, the Subject Device failed and caused severe physical complications and injuries, resulting in Plaintiffs' injuries and damages set forth above.

42.     Plaintiffs are informed and believes that Inspire knew or should have known

about the negligence alleged in this Complaint and that serious physical injuries such as those suffered by Plaintiffs, could occur as a result. Nonetheless, Inspire did not take measures to remedy its negligence, nor did it warn the public or consumers like Plaintiffs about its negligence and the risk that it posed. Instead, Inspire deliberately and intentionally concealed such information from the public. Such acts and/ or a missions constitute willful, wanton, reckless, and malicious behavior and/ or a conscious disregard of the substantial risk that such conduct might cause injury.

43.     Accordingly, Plaintiffs are entitled to punitive damages against Inspire

44.     ave suffered these damages but for Defendant's extreme and outrageous acts/omissions.

**COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

45.     Plaintiffs reallege all prior paragraphs in this Complaint as if fully set forth herein.

46.     At the time of the injuries giving rise to this Complaint and at all other relevant times, Kacey Mott was Edward's wife.

47.     As described above, Inspire's negligence created an unreasonable risk of harm to each of the Plaintiffs, and, in fact, did cause harm to the Plaintiffs.

48.     Plaintiff Kacey Mott's direct observation of this incident and the resulting injuries to her husband, Edward, caused her to suffer severe emotional distress that resulting in physical injury and/or illness to her.

49.     As a direct and proximate result of Inspire's actions and omissions, as set forth herein, Plaintiffs suffered and continue to suffer severe emotional distress.

7

## COUNT IV – LOSS OF CONSORTIUM

50.    Plaintiffs hereby incorporate by reference all prior paragraphs in this Complaint as though fully set forth herein.

51.    Plaintiff Edward T. Mott was seriously and permanently injured as a result of defects and/or adequate warnings o cause significant injury to patients when used in a foreseeable manner.

52.    As a direct and proximate result of the deficiencies in the Subject Device and Inspire's negligent, careless and reckless acts and omissions, Plaintiff Kacey Mott has been and will continue to be deprived of her husband's love, affection, support, companionship, counsel, advice and solace.

## TIER DESIGNATION

Given the damages sought and complexity of the case, Plaintiffs certify that this case warrants case management and pretrial discovery under Tier 3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants, and each of them, as follows:

A.    For past and future special damages to compensate Plaintiffs for their personal injuries and damages described above, including, without limitation, the reasonable value of their past and any future medical expenses, and other past and future economic losses, past and future wage losses;

B.    For general damages for Plaintiff Edward Mott including pain, suffering, anguish and other harms;

8

C.      For general damages for Plaintiff Kacey Mott's loss of consortium;

D.      For punitive damages against Inspire to punish and deter inspire, and others similarly situated, from engaging in like conduct in the future;

E.      For Plaintiffs' costs and expenses of suit;

F.      For pre-judgment and post-judgment interest as allowed by law; and

G.      For such other and further relief as the Court deems just and proper.

**DATED** this 1st day of June, 2022.

**ATTICUS LAW, PLLC**


By: */s/ Teague Lashnits*
    Teague R. Lashnits
    Suzette Doody
    ***Attorneys for Plaintiff***

**ORIGINAL** of the foregoing efiled with TurboCourt
this 1st day of June 2022, with:

Clerk of the Court
**Maricopa County Superior Court**


By: */s/ Claudia Marco*

Clerk of the Superior Court
*** Electronically Filed ***
D. Bicoy, Deputy
6/1/2022 4:47:15 PM
Filing ID 14380714

Person/Attorney Filing: Teague Lashnits
Mailing Address: 7904 E. Chaparral Rd. #a110-418
City, State, Zip Code: Scottsdale, AZ 85250
Phone Number: (480)550-1976
E-Mail Address: teague.lashnits@atticuslawpllc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 023707, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Edward T Mott, et al.
Plaintiff(s),
v.
Inspire Medical Systems, Inc.
Defendant(s).

Case No. **CV2022-051747**

**SUMMONS**

To: Inspire Medical Systems, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #6866657

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 01, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *DUANE BICOY*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
D. Bicoy, Deputy
6/1/2022 4:47:15 PM
Filing ID 14380713

Person/Attorney Filing: Teague Lashnits
Mailing Address: 7904 E. Chaparral Rd. #a110-418
City, State, Zip Code: Scottsdale, AZ 85250
Phone Number: (480)550-1976
E-Mail Address: teague.lashnits@atticuslawpllc.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 023707, Issuing State: AZ

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Edward T Mott, et al.
Plaintiff(s),
v.
Inspire Medical Systems, Inc.
Defendant(s).

Case No.  **CV2022-051747**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Teague Lashnits /s/
    Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #6686657

| Office Distribution | **SUPERIOR COURT OF ARIZONA**<br>**MARICOPA COUNTY** | **\*\*FILED\*\***<br>08/10/2022<br>by Superior Court Admin<br>on behalf of Clerk of the<br>Superior Court |
|---|---|---|

Ct. Admin
Deputy

08/06/2022

COURT ADMINISTRATION

**Case Number:** CV2022-051747

**Edward T Mott**

**V.**

**Inspire Medical Systems Inc**

---

The Judge assigned to this action is the Honorable Alison S Bachus

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 06/01/2022 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 08/30/2022. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

Superior Court of Maricopa County - integrated Court Information System
**Endorsee Party Listing**
Case Number: CV2022-051747

| Party Name | Attorney Name | |
|---|---|---|
| Edward T Mott | Teague Richard Lashnits | Bar ID: 023707 |
| Kacey Mott | Teague Richard Lashnits | Bar ID: 023707 |

1  **ATTICUS LAW, PLLC**
   7904 E. Chaparral Rd. #A110-418
2  Scottsdale, AZ 85250
   PH: (480) 550-1976
3  FAX: (480) 546-4326
   Teague Lashnits, #023707
4  Teague@atticuslawpllc.com
   Suzette Doody, #021752
   Suzette@atticuslawpllc.com
5  *Attorneys for Plaintiff*

6             **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7                **IN AND FOR THE COUNTY OF MARICOPA**

8  EDWARD T. MOTT and KACEY          )  **CAUSE NO.: CV2022-051747**
   MOTT, a married couple,           )
9                                    )
                         Plaintiffs, )  **WAIVER OF SERVICE**
10 vs.                               )
                                     )
11 INSPIRE MEDICAL SYSTEMS, INC., a  )
   Minnesota Corporation; JOHN AND   )  *(Tort – Non-Motor Vehicle)*
12 JANE DOES I-X; ABC                )
   CORPORATIONS I-X, BLACK and       )
13 WHITE PARTNERSHIPS I-X. and/or    )
   SOLE PROPRIETORSHIP I-X,          )  Tier 3 Case
14                                   )
15                       Defendants. )

16 **TO:   TEAGUE LASHNITS, ATTORNEY FOR PLAINTIFFS**

17      I acknowledge receipt of your request that I waive service of a summons in the action

18 of *Mott, et al. v. Inspire Medical Systems, Inc.*, which is case number CV2022-051747 in the

19 Superior Court of the State of Arizona in and for the County of Maricopa. I also have received

20 a copy of the complaint in the instant action, two copies of this instrument, and a means by

21 which I can return the signed waiver to you without cost to me.

22      I agree to save the cost of service of a summons and an additional copy of the complaint

23 in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with

24

                                    1

judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after the date the attached request was sent, or within ninety (90) days after that date if the request was sent outside the United States.

DATED this **23** day of **August**, 2022.

Bryan K. Phillips
*Attorney for Defendant*
*Inspire Medical Systems, Inc.*

# EXHIBIT D



**ATTICUS**
—— LAW · PLLC ——

7904 E. Chaparrai Rd. #A110-418, Scottsdale, AZ 85250 · P (480)550-1976 · F (480) 546-4326 · teague.lashnits@atticuslawpllc.com

June 27, 2022

<u>**Via U.S. Mail & Facsimile:**</u> **(763) 537-4310**
Legal Claims Department
Inspire Medical Systems, Inc.
5500 Wayzata Blvd., Suite 1600
Golden Valley, MN 55416

**PROTECTED RULE 408 SETTLEMENT COMMUNICATION**

        Re:    Edward T. Mott v. Inspire Medical Systems, Inc.
                Our File No: 103-110420

To Whom It May Concern:

      I represent Edward Mott in relation to injuries he suffered after receiving an Inspire Generator Model 3028 implant on or about December 26, 2019. The following is our settlement demand for $250,000.00 ***which will expire in 30 days from the date hereof, if not timely accepted.***

**I.      Factual Background**

      This matter stems from complications and injuries Edward Mott suffered as a result of implantation of an Inspire IV Generator Model 3028. On or about December 26, 2019, Edward underwent the following surgical procedure: Right Implantation of Hypoglossal Nerve Stimulator Insertion and Chest Wall Sensor. The procedure was performed by Jordon Weiner, MD to deliver upper airway stimulation therapy to treat Edward's obstructive sleep apnea (OSA).

      In October of 2019, Edward was referred to Dr. Weiner for evaluation and treatment of his OSA. Dr. Weiner obtained a split sleep study on November 24, 2019, which revealed severe obstructive sleep apnea and significant treatment emergent central sleep apnea. Although Edward had attempted to treat his OSA with CPAP in the past, he had significant

ATTICUS LAW | PLLC

difficulty with PAP therapy due to frequent mask movement, leakage and frequent awakenings. As a result, Dr. Weiner recommended hypoglassal nerve stimulation as an alternative therapy. According to Dr. Weiner, Edward's central sleep apnea represented much less than 25% of his AHI, making him an appropriate candidate for the hypoglassal nerve stimulation procedure.

Surgery was performed on December 26, 2019 at Scottsdale Shea Medical Center. The procedure involved implantation of a stimulation lead, designed to activate the muscles in the upper airway; implantation of a generator, containing the battery and electronics that provide stimulation; and implantation of the respiratory sensing lead, which monitors breathing. According to the Operative Report, three incisions were made for implantation of the device: the first incision was in the neck just below the mandible, the second was in the chest below the clavicle, and the third was just below the inferior border of the pectoralis major muscle. No complications were noted during surgery.

On January 15, 2020, Edward returned to Dr. Weiner for his three-week postoperative visit. He complained of pain deep to his incisions as well as pain in his mid-chest area that was significantly exacerbated by even soft touch. Dr. Weiner could not explain the reason for Edward's mid-chest pain and, at that time, did not believe it was a problem related to the subject Inspire device. Edward was prescribed Gabapentin for his pain and he was referred to a neurologist for further evaluation.

Edward consulted Dr. Kan Yu at Western Neurology, a neurologist with whom Edward had been treating with for some time for migraine headaches, neck pain and back pain. Records from Dr. Yu from January through May of 2020 reveal little information as to Edward's mid-chest pain other than the fact that Edward had a history of OSA, was unable to tolerate CPAP treatment, and was status post Inspire implant in December 2019.

When Edward returned to Dr. Weiner on May 6, 2020, he reported that the neurologist simply advised Edward to follow up with Dr. Weiner and offered no guidance as to his continued pain. At that time, Dr. Weiner noted that Edward was experiencing severe and debilitating pain in the right flank area starting about 3 inches below the pressure sensor incision and extending anteriorly to the abdomen. Dr. Weiner was still unsure as to the relationship between the Inspire implant surgery and Edward's pain, but noted that he was planning to report Edward's symptoms to Inspire to see if they had similar experiences with other patients.

Shortly thereafter, Dr. Weiner contacted technical representatives from Inspire as well as an Inspire surgeon regarding Edward's "persistent pain in the right lower chest below the area of pressure sensor insertion in the chest wall". *(See records from Valley ENT, P.C. dated May 22, 2020.)* Dr. Weiner was informed that similar complications had "been seen elsewhere although not formally reported in the medical literature". *(See records from Valley ENT, P.C. dated May 22, 2020.)* Dr. Weiner was advised that some patients were treated successfully with topical lidocaine and high-dose Gabapentin.

However, other patients required revision of the respiratory sensor insertion to alleviate the pain, with a new sensor placed and oriented posteriorly rather than anteriorly. Based on Inspire's recommendation, Dr. Weiner prescribed a Lidoderm patch over the affected area for 1 week and increased Edward's Gabapentin.

Unfortunately, the Lidoderm patch and increased Gabapentin did not improve Edward's pain. Edward then underwent an injection from Arizona Pain, which relieved his pain approximately 50%. However, the relief only last for about one day. When Edward returned to Dr. Weiner on June 16, 2020, he reported continued severe and debilitating pain. At that point, Dr. Weiner noted that based on advice from technical support from Inspire medical systems, it appeared that this was a rare but "previously seen complication of the procedure" and "repositioning of the pressure sensor was necessary to relieve the patient's discomfort". *(See records from Valley ENT, P.C. dated June 16, 2020.)* Dr. Weiner recommended that surgery be done as quickly as possible.

Meanwhile, Edward consulted AZ Pain regarding his stomach and abdominal pain related to the Inspire device. Records from AZ Pain on June 25, 2020, indicate that the Inspire device was surgically implanted in the abdominal region which appeared to be contributing to his pain. Edward informed his pain doctors that he was to undergo surgery with Dr. Weiner to move the device. His pain doctors recommended that if the surgical relocation did not improve his pain, to consider a nerve block.

On June 30, 2020, Edward underwent surgery at North Valley Surgery Center for revision placement of the device in hopes of alleviating his pain. However, during his postoperative visit with Dr. Weiner on July 7, 2020, Edward reported only minimal improvement in his chest pain. Dr. Weiner noted that it was difficult to give Edward a timetable of when he should expect improvement. Although Inspire representatives had informed Dr. Weiner that patients with similar problems experienced resolution of pain once the pressure sensor was repositioned, Dr. Weiner noted that "there have been no reports in the medical literature describing the problem". *(See records from Valley ENT, P.C. dated July 7, 2020.)* Dr. Weiner recognized that there was nothing further he could do to help Edward and, therefore, recommended that Edward follow up with a pain specialist for further treatment regarding pain and complications from the Inspire device.

Edward returned to AZ Pain on July 16, 2020 and July 23, 2020 reporting some improvement in his abdominal pain following the June 30th procedure. However, his pain was still severe. Edward's pain doctors recommended an Intercostal nerve block and abdominal neuroma block. Edward has received three neuroma blocks, but continues to suffer from pain in his abdominal and ribs/chest area. Pain medications do little to alleviate his symptoms. Edward remains in active treatment at Arizona Pain for persistent pain from the Inspire device.

Edward has been advised by his doctors that he has permanent nerve pain due to the positioning of the Inspire device from the December 2019 implant surgery.

## II.    Liability

This is a clear case of liability on the part of Inspire.  Inspire had a duty not only to design, manufacture, advertise, market and promote the subject device in a reasonable manner, but also to provide information about its risks adequate to the understanding of foreseeable users for its intended purpose.  Inspire failed to design, manufacture, market and promote the subject device in a reasonable manner.  It designed, manufactured, sold and placed into the stream of commerce a defective device that was unreasonably dangerous for its intended and foreseeable use.

Inspire also failed to provide information to the public about the risks of the subject device.  Inspire was aware of similar complaints and complications suffered by other patients yet failed to inform, warn or protect the public against these dangerous risks.

According to Wolfpack Research's April 22, 2020 research report, *Inspire Medical Systems: A Nightmare Investment*, a patient reported experiencing serious adverse events, including temporary paralysis caused by part of the device slipping down into their abdomen.  Another patient reported constant electrical shocks that felt like someone was tugging and twisting her tongue.  The patient said that the Inspire device "ruined her life".  Neither of these patients still use the device, but are afraid to have it removed due to the serious risks associated with the removal surgery.

Furthermore, Wolfpack Research reported the following:

"We also found a growing list of customer complaints, with terrifying descriptions of the potential downsides to Inspire's invasive procedure, such as '*drooling, facial paralysis or drooping, slurred speech*' and '*nerve damage resulting in numbness and discoloration of one side of the tongue, or battery leaking into body.*'  These are just a few of the dozens of customer complaints we found.  You can see the full list in Appendix E of this report."

According to Inspire's literature, the Upper Airway Stimulation device is used to treat patients with moderate to severe OSA, who fail or cannot tolerate PAP treatments or BPAP machines, and who do not have a complete concentric collapse of the soft palate level.  Edward was an appropriate candidate according to Inspire.  Edward relied upon Inspire to ensure the device would be suitable for treatment of Edward's OSA.  Inspire is liable to Edward for defects in its product warnings as Inspire failed to warn Edward of the potential for permanent nerve injury from placement of the Inspire sensor in his abdomen. (See *Wilson v. U.S. Elevator Corp.*, 193 Ariz. 251, 253-254 (Ct. App. 1998; Arizona Revised Jury Instruction, Products Liability 4).  Inspire is further liable to Edward because it knew or should have known that placement of the sensor in the abdomen was unreasonably dangerous and it knew or should have known that a safer alternative was available at that

4

time. As detailed below, Edward suffered severe and debilitating injuries, incurred medical expenses and lost wages as a result of Inspire's defective product and defective warnings.

### III.    Damages

When the Inspire device was first recommended to Edward for treatment of his OSA, he was advised that he was an appropriate candidate for the procedure and the device would offer him significant relief.  He was also assured that there would be only minimal scarring from surgery.  It has been over two years since Edward's initial surgery and he has obtained only minimal relief, at best, from his OSA.  His breathing remains irregular during the night, he wakes from sleep feeling unrested, and he experiences severe fatigue and tiredness during the day.

After the device was implanted, Edward suffered months of severe and debilitating pain that interfered with his sleep and prevented him from working, performing daily activities, and having intimate relations with his wife.  Simply the touch of his clothing against his skin in the affected area caused Edward extreme pain.    Edward's pain and fatigue became so severe that he was unable to work from October 2021 through February of 2022 and he was forced to go on short-term disability.

Additionally, Edward has significant scarring under his chin, under his ribs, and over his chest as a result of the surgical procedures. Although he was advised that the procedure would cause only minimal scarring, Edward now has a 3-inch scar on his chest, a 2- inch scar under his chin, and approximately a 2 ½ inch scar under his ribs.  Edward's procedure for implanting the Inspire device was outdated at the time original Edward's surgery was performed, and implantation of the device did not require three surgical incisions but rather only two.

Per Edward's treating medical providers, Edward suffered permanent nerve damage in the stomach and rib cage area as a result of the subject device contacting his nerves. He continues to experience pain in the affected areas and has undergone three neuroma blocks at AZ Pain to help alleviate his symptoms. Unfortunately, these treatments only provided him with temporary relief and his symptoms returned after a short period.  His doctors at AZ Pain have advised him that he will need to see a pain specialist for the remainder of his life for neuroma blocks every 3 to 6 months.

The Inspire device has had a devasting effect on Edward's life.  He suffers from permanent injuries which will require continued medical care for the remainder of his life. If Edward had been accurately informed of the risks involved, he would not have elected this surgery.  Edward has inquired about removing the device but was informed that the risk of additional complications and infection are too great.

## IV.    Demand

I am authorized to accept the sum of Two Hundred Fifty Thousand dollars ($250,000.00) in exchange for a full and final release of all claims arising out of Edward's injuries, each party to pay its own attorney fees and costs. This demand is <u>extremely</u> reasonable and represents Edward's desire to put this entire unfortunate chapter of his life behind him as quickly as possible. Edward will make a very sympathetic plaintiff and this case has the potential for a seven-figure verdict should we have to take this case to trial. Should you reject our settlement demand and force us to litigate this case, we will not be offering to settle Edward's claims anywhere near the amount demanded herein ever again. Again, this settlement demand represents a steep discount over the actual value of Edward's case, and is made in good faith to bring this matter to a speedy close to allow Edward to move on with his life after this horrible ordeal caused by the Insprie device.

Please contact me with settlement at your earliest opportunity and not later than 30 days the date hereof.

Sincerely,

/s/ *Teague R. Lashnits*

Teague R. Lashnits
Suzette Doody
Atticus Law, PLLC

TRL/crm
Enclosures

6